Capitol Records, Inc et al v. Alaujan et al                                                                                    Doc. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
PROVIDENCE DIVISION

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; ARISTA RECORDS, INC., a Delaware corporation; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and BMG MUSIC, a New York general partnership,<br><br>            Plaintiffs,<br><br>v.<br><br>NOOR ALAUJAN,<br><br>            Defendant. | Case No. _____<br><br>Civ. Act. No. 03-cv-11661-NG<br>(LEAD DOCKET NUMBER)<br>FROM THE DISTRICT OF<br>MASSACHUSETTS<br><br>MISC 08 104 T |
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>v.<br><br>JOEL TENENBAUM,<br><br>            Defendant. | Civ. Act. No. 03-cv-11446-NG<br>(ORIGINAL DOCKET NUMBER) |

#1371317 v1 den

dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
PROVIDENCE DIVISION

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; ARISTA RECORDS, INC., a Delaware corporation; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and BMG MUSIC, a New York general partnership,<br>                    Plaintiffs,<br><br>v.<br><br>NOOR ALAUJAN,<br>                    Defendant. | Case No. _____<br><br><br>Civ. Act. No. 03-cv-11661-NG<br>(LEAD DOCKET NUMBER)<br>FROM THE DISTRICT OF<br>MASSACHUSETTS |
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; and UMG RECORDINGS, INC., a Delaware corporation,<br>                    Plaintiffs,<br><br>v.<br><br>JOEL TENENBAUM,<br>                    Defendant. | Civ. Act. No. 03-cv-11446-NG<br>(ORIGINAL DOCKET NUMBER) |

**EMERGENCY RELIEF REQUESTED**

**PLAINTIFFS' MOTION TO COMPEL RESPONSE TO SUBPOENAS ISSUED TO THIRD-PARTIES, ARTHUR AND JUDITH TENENBAUM**

Plaintiffs respectfully move this Court to enter an Order compelling Arthur and Judith Tenenbaum ("The Tenenbaums") to produce the eMachine computer at issue. Plaintiffs sought the eMachine computer pursuant to lawful subpoenas issued to The Tenenbaums and served on October 12, 2008. Ms Tenebaum stated she would not produce the computer without a court order and The Tenenbaums failed to produce the eMachine computer, thereby necessitating this Motion. The Tenenbaums waived any objections by failing to object in writing before the scheduled inspection date. Moreover, the eMachine computer is directly relevant to the underlying litigation and the subpoenas are narrowly tailored and not unduly burdensome.

In support of this Motion, Plaintiffs hereby incorporate by reference their Memorandum of Law and supporting exhibits, being filed contemporaneously herewith.

Plaintiffs seek expedited ruling on this Motion under Local Rule LR Cv 9 because the Court in the underlying litigation set a very short discovery schedule and a jury trial is currently set for December 1, 2008.

WHEREFORE, Plaintiffs respectfully request an order compelling Arthur and Judith Tenenbaum to produce the eMachine computer at a mutually convenient time and location.

#1371896 v1 den

Dated: November 13, 2008         By:   s/ James O'Neil
                                       James E. O'Neil, Esq.
                                       Law Offices of James E. O'Neil
                                       The Meadows, Suite A-103
                                       1130 Ten Rod Road
                                       North Kingstown, RI 02852
                                       401-667-7111
                                       401-667-7112(fax)
                                       jameseoneil@cox.net

                                       Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 13, 2008 a copy of the foregoing **PLAINTIFFS' MOTION TO COMPEL RESPONSE TO SUBPOENAS ISSUED TO THIRD-PARTIES, ARTHUR AND JUDITH TENENBAUM** was served via email and First Class United States Mail to:

> Charles Nesson, Esq. (also served via e-mail)
> 1575 Massachusetts Avenue
> Cambridge, MA 02138
> nesson@gmail.com
> *Attorney for the Defendant, Joel Tenenbaum*
>
>
> Arthur and Judith Tenenbaum
> 20 Upton Ave.
> Providence, RI 02906
> bulshevik@cox.net

/s/ James E. O'Neil
James E. O'Neil, Esq.
Law Offices of James E. O'Neil
The Meadows, Suite A-103
1130 Ten Rod Road
North Kingstown, RI 02852
401-667-7111
401-667-7112(fax)
jameseoneil@cox.net

Attorneys for Plaintiffs

#1371896 v1 den

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
PROVIDENCE DIVISION

| | | |
|---|---|---|
| CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; ARISTA RECORDS, INC., a Delaware corporation; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and BMG MUSIC, a New York general partnership,<br>　　　　　　　Plaintiffs,<br><br>v.<br><br>NOOR ALAUJAN,<br>　　　　　　　Defendant. | :: | Case No. _____<br><br>Civ. Act. No. 03-cv-11661-NG<br>(LEAD DOCKET NUMBER)<br>FROM THE DISTRICT OF<br>MASSACHUSETTS |
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; and UMG RECORDINGS, INC., a Delaware corporation,<br>　　　　　　　Plaintiffs,<br><br>v.<br><br>JOEL TENENBAUM,<br>　　　　　　　Defendant. | :: | Civ. Act. No. 03-cv-11446-NG<br>(ORIGINAL DOCKET NUMBER) |

**EMERGENCY RELIEF REQUESTED**

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSE TO SUBPOENAS ISSUED TO THIRD-PARTIES, ARTHUR AND JUDITH TENENBAUM**

## INTRODUCTION AND BACKGROUND

### A. The Underlying Litigation

This motion to compel relates to two subpoenas issued from this Court in relation to an action pending in the United States District Court for the District of Massachusetts, *Sony BMG Music Entertainment v. Joel Tenenbaum*, Civ. Act. No. 03-cv-11446-NG (the "*Tenenbaum* case"), consolidated with Case No. 03-cv-11661-NG. Plaintiffs in the *Tenenbaum* case are recording companies that own or control copyrights in many of the most popular sound recordings. Plaintiffs sued the Defendant, Joel Tenenbaum, alleging that he infringed Plaintiffs' copyrights by using a peer-to-peer ("P2P") network to download and distribute Plaintiffs' copyrighted sound recordings over the Internet. (*See* Complaint in the *Tenenbaum* case, attached as Exhibit A hereto.)

The Court in the *Tenenbaum* case set a very short discovery schedule and a jury trial is currently set for December 1, 2008. Accordingly, Plaintiffs are requesting an expedited decision on this motion to compel under Local Rule LR Cv 9.

### B. The eMachine Computer

During his deposition in the *Tenenbaum* case, Defendant Joel Tenenbaum testified that he used several P2P networks on multiple computers over a period of many years to download music over the Internet. One of the computers he may have used is the eMachine, which is now in the possession of Joel's parents, Arthur and Judith (aka Judie) Tenenbaum (the "Tenenbaums"), who reside in Providence, Rhode Island:

> Q. Where is that computer currently?
> A. In my former bedroom at my parents' house I believe.
> Q. So you still have it?
> A. Yes.
> Q. Did that have Kazaa on it?
> A. I don't know.

#1370960 v5 den

> Q. It mat have?
> A. May have.
> Q. Did you every use Sublimeguy14 on the E machine?
> A. Don't know.
> Q. It's possible?
> A. It's possible.
> ***
> Q. ... My question is do you believe that there were any other peer to peer programs on the Emachine at any time?
> A. No.
> Q. Just possibly Kazaa?
> A. Yes.

(J. Tenenbaum Depo. at 101:6-20, 103:2-6, Exhibit B hereto.)

Based on this testimony, Plaintiffs sought the production of the eMachine computer in connection with deposition subpoenas that were served on the Tenenbaums. (Exhibit C hereto.) While the Tenenbaums appeared for their depositions, they did not produce the eMachine computer, stating that it was being repaired. Judith Tenenbaum has stated that she will not produce the eMachine without a court order.

## ARGUMENT

Plaintiffs respectfully move this Court to enter an Order compelling the Tenenbaums to produce the eMachine computer for inspection and copying. Given the scheduled trial date of December 1, 2008 in the *Tenenbaum* case, Plaintiffs respectfully request expedited ruling on this motion.

### A. The eMachine Subpoenas Were Properly Served.

Separate subpoenas were served on Arthur and Judith Tenenbaum under Fed. R. Civ. P. 45 on October 12, 2008, seeking production of, among other things, the "eMachine" computer. (Exhibit C.) The subpoenas further stated:

> At that time, a certified computer forensics technician will make two verified bit-image (i.e., mirror image copy) of each of the computer hard drives or other digital storage devices and will create an MD5 or

>equivalent hash code to ensure that the original hard drives are not altered
>and to ensure that the copy of the hard drives are exact duplicates of the
>original hard drives.

(*Id.*) As stated above, the Tenenbaums failed to produce the eMachine, claiming it was being repaired.

**B.     The Subpoenas Are Directly Relevant, Narrowly Tailored, And Not Burdensome.**

Under Rule 26(b)(1), a party is entitled to discovery on any matter that appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Further, Rule 34(a)(1) permits any party to serve on any other party:

>A request to produce and permit the party making the request, or someone acting
>on the requestor's behalf, to inspect and copy, any designated documents .... or to
>inspect and copy, test, or sample any tangible thing which may constitute or
>contain matters within the scope of Rule 26(b) and which are in the possession,
>custody or control of the party upon whom the request is served.

Rule 34(a)(1) is intended to be broad enough to cover all types of computer-based or electronic information. Fed. R. Civ. P. 34(a)(1) (2006 amendments) advisory committee's note.

**1.     The eMachine Likely Contains Evidence Of Defendant's Peer To Peer Usage That Is Directly Relevant To Plaintiffs' Infringement Allegations.**

The eMachine computer is central to Plaintiffs' claims of copyright infringement against Joel Tenenbaum. Plaintiffs have alleged that Joel Tenenbaum willfully and continuously used a P2P system to illegally download and distribute their copyrighted sound recordings. (Compl. ¶¶ 13, 15, Exhibit A.) During his deposition, Joel Tenenbaum testified that the eMachine was located in his bedroom and that he may have used KaZaA and his username "sublimeguy14@KaZaA" on it. (Joel Tenenbaum Depo. at 101:6-20, 103:2-6, Exhibit B.) Therefore, the eMachine likely contains material evidence that is directly relevant to Plaintiffs' claims of infringement in the *Tenenbaum* case, including evidence of illegally downloaded sound recordings and the metadata associated with those files. Because metadata, such as download

dates and times, file compression, and file source information, is not apparent to the reader viewing a hard copy or screen image of electronic files, a forensic computer examination is the only way to capture this evidence. *See Ameriwood Indus. v. Liberman*, 2006 U.S. Dist. LEXIS 93380, at *10 (E.D. Mo. Dec. 27, 2006).

### 2. The Subpoenas Are Narrowly Tailored And Not Burdensome.

The subpoenas at issue are narrowly tailored to seek only information that is directly relevant and easily produced by the Tenenbaums. Plaintiffs are seeking production of only the eMachine computer. Plaintiffs intend only to make a forensic copy (or image) of the eMachine hard drive for inspection, which process takes less than a few hours to complete. Plaintiffs are also willing to accommodate any reasonable date, time, and location for the imaging process.

### 3. Courts Routinely Allow Forensic Computer Examinations In Similar Cases.

Courts look to the relationship between the computer and the wrong that is the subject of the lawsuit to determine if a forensic computer examination is warranted. Where, as here, the computer is central to the heart of the claim, forensic examination of the hard drive is appropriate. *See, e.g., Cenveo Corp. v. Slater*, 2007 U.S. Dist. LEXIS 8281, at *4 (E.D. Pa. Jan 31, 2007) (granting computer inspection where defendant used computer equipment and trade secrets to divert customers); *Frees, Inc. v. McMillan*, 2007 U.S. Dist. LEXIS 4343, at*5 (W.D. La. Jan. 22, 2007) (granting Rule 34 request for inspection where computers were most likely place defendant would have downloaded, transmitted, or deposited the pilfered computer data at issue); *Balboa Threadworks, Inc. v. Stucky*, 2006 U.S. Dist. LEXIS 29265 (D. Kan. Mar. 24, 2006) (granting Rule 34 request because the copyright infringement allegedly occurred through the use of the computers); *Ameriwood Indus. v. Liberman*, 2006 U.S. Dist. LEXIS 93380 (E.D.

#1370960 v5 den

Mo. Dec. 27, 2006) (granting request for computer inspection where central claim was that defendants used the computers "to secrete and distribute plaintiffs' confidential information").

Moreover, courts around the country have granted record company plaintiffs' requests for inspection in similar cases. *See, e.g., Sony BMG Music Entm't v. Arellanes*, 2006 U.S. Dist. LEXIS 7839, at *2 (E.D. Tex. Oct. 27, 2006) (granting inspection and rejecting defendant's proposed restrictions, including neutral expert and search term confirmation); *Arista Records, LLC v. Tschirhart*, Case No. 05-CA03720G (W.D. Tex. Jan. 25, 2006) (Exhibit D hereto); *Atlantic Recording Corp. v. Andersen*, Case No. 05-CV-933-AS (D. Or. July 11, 2006) (Exhibit D hereto) (granting inspection over defendant's objection on privacy grounds); *Sony BMG Music Entm't v. Thurmond*, Case No. 1:06-cv-01230-DGT-RML, minute order (E.D.N.Y. May 20, 2008) (Exhibit D hereto); *UMG Recordings, Inc. v. Lindor*, Case No. 1:05-cv-01095-DGT-RML, minute order (E.D.N.Y. Jan. 16, 2008) (Exhibit D hereto) (granting inspection of peripheral device previously connected to computer).

### C. The Tenenbaums Waived Their Objections To The Subpoenas By Failing To Respond Prior To The Date And Time Of The Production.

Federal Rule of Civil Procedure 45(c)(2)(B) requires a person commanded to produce tangible things or permit inspection to serve a written objection "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Failure to timely object results in a waiver of the right to object to the subpoena or its enforcement. *See Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 412 (S.D.N.Y. 2000) ("Objections to a non-party subpoena are waived if not made within the time specified by Rule 45(c)(2)(B), that is, generally fourteen days."); *Angell v. Shawmut Bank Conn. Nat'l Ass'n*, 153 F.R.D. 585, 590 (M.D.N.C. 1994) (the 1991 amendments to Rule 45 allowed "a little more time for such objections to be made" and

made it "reasonable to construe the new time limits more strictly so that failure to timely file an objection will result in a waiver of the right to object to enforcement of the subpoena.").

To date, neither the Tenenbaums, nor Joel Tenenbaum's counsel, have served written objections, filed a motion to quash, or sought a protective order concerning the subpoenas. As the Tenenbaums failed to serve written objections before the time specified for compliance with the subpoenas, they have waived all objections and should be compelled to produce the eMachine for inspection.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request an Order compelling Arthur and Judith Tenenbaum to produce the "eMachine" computer for inspection for evidence of copyright infringement. Given the scheduled trial date of December 1, 2008 in the underlying case, Plaintiffs respectfully request expedited ruling on this motion.

Dated: November 13, 2008    By:    s/ James O'Neil
                                   James E. O'Neil, Esq.
                                   Law Offices of James E. O'Neil
                                   The Meadows, Suite A-103
                                   1130 Ten Rod Road
                                   North Kingstown, RI  02852
                                   401-667-7111
                                   401-667-7112(fax)
                                   jameseoneil@cox.net

                                   Attorneys for Plaintiffs

#1370960 v5 den

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 13, 2008 a copy of the foregoing **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSE TO SUBPOENAS ISSUED TO THIRD-PARTIES, ARTHUR AND JUDITH TENENBAUM** was served via email and First Class United States Mail to:

> Charles Nesson, Esq. (also served via e-mail)
> 1575 Massachusetts Avenue
> Cambridge, MA 02138
> nesson@gmail.com
> *Attorney for the Defendant, Joel Tenenbaum*

> Arthur and Judith Tenenbaum
> 20 Upton Ave.
> Providence, RI 02906
> bulshevik@cox.net

/s/ James E. O'Neil
James E. O'Neil, Esq.
Law Offices of James E. O'Neil
The Meadows, Suite A-103
1130 Ten Rod Road
North Kingstown, RI 02852
401-667-7111
401-667-7112(fax)
jameseoneil@cox.net

Attorneys for Plaintiffs