UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SONY BMG MUSIC                    :
ENTERTAINMENT, et al.             :
                                  :
        v.                        :     C.A. No. 1:08-MC-104S
                                  :
JOEL TENENBAUM                    :

**MEMORANDUM AND ORDER**

This is a miscellaneous action to compel compliance with a third-party subpoena. Plaintiffs seek to inspect and mirror image the home computer of Arthur and Judith Tenenbaum. Plaintiffs are suing the Tenenbaums' adult son, Joel Tenenbaum, in a copyright infringement action, i.e., music downloading case, pending in the District of Massachusetts. See Capitol Records, Inc. v. Noor Alaujan, Lead Case No. 03-CV-11661-NG, consolidated with Sony BMG Music Entertainment v. Joel Tenenbaum, Case No. 07-CV-11446-NG. The Tenenbaums have objected to Plaintiffs' Motion primarily on privacy grounds. A hearing was held on January 6, 2009.

In the Massachusetts action, a similar dispute arose as to Plaintiffs' efforts to mirror image two computers presently in Joel Tenenbaum's possession. On May 6, 2009, District Judge Nancy Gertner found a "sufficiently close connection" between one of the computers, a Gateway desktop, and Joel Tenenbaum's "file-sharing activities," and permitted Plaintiffs to mirror image the hard drive for analysis by a forensic computer expert. She also concluded that Joel Tenenbaums's privacy objections can be addressed through a "robust protective order." The Gateway desktop was used by Joel Tenenbaum in college "after the alleged file-sharing occurred on his parents' home computer." Judge Gertner, however, rejected Plaintiffs' efforts to inspect a second Toshiba laptop possessed by Joel Tenenbaum. In a related discovery order entered on May 13, 2009, Judge Gertner

also "reminded" Plaintiffs "that [the Massachusetts] lawsuit is not an opportunity to explore any potential copyright infringement committed by [Joel Tenenbaum] at any time or place" and that "relevant discovery [is] limited to the infringement of specific songs whose copyrights were owned or licensed by the Plaintiff and which were identified in Exhibits A or B to their Complaint."

In this action, Plaintiffs seek access to a computer in the home of Joel Tenenbaum's parents. The Tenenbaums are not parties to this dispute involving their adult son and the recording industry. Further, and significantly, Judge Gertner found in her May 6, 2009 decision that "the computer that was originally used to download the songs identified by the Plaintiffs in the Complaint has been discarded or destroyed." The computer at issue in this miscellaneous case is an "eMachine" purchased by Arthur Tenenbaum in 2004 to replace a predecessor Gateway computer which, according to him at his deposition, "wasn't fixable." Joel Tenenbaum left home to attend college in 2002 and the Tenenbaums argue that this "eMachine likely contains little or no information relevant to the Massachusetts case" but contains a wealth of their own private information. (Document No. 11 at pp. 1-2).

The Court has reviewed the transcripts of the depositions of Joel Tenenbaum and his parents. While it is possible that the "eMachine" contains some evidence relevant to Joel Tenenbaum's file sharing activities, it appears from those depositions that the likelihood is remote. As noted above, Judge Gertner has found that the original home computer allegedly used by Joel Tenenbaum at his parents' house for the music downloading in question has been "discarded or destroyed." Thus, the Tenenbaums' "eMachine" would contain at most peripheral evidence. Plaintiffs have not shown enough of a likelihood of relevant evidence to warrant the intrusion of privacy arising out of a forensic computer analysis of a home computer utilized for years by non-parties to the underlying

case.  In other words, Plaintiffs have not shown that inspection of the "eMachine" would be reasonably calculated to lead to evidence of any file-sharing by Joel Tenenbaum of their copyrighted music sound files.  Judge Gertner has granted Plaintiffs permission to analyze Joel Tenenbaum's computer which, according to Judge Gertner's May 6, 2009 Order, he has "conceded" was "also used for file-sharing activities."  Thus, Plaintiffs' request to search for similar information from the computer of Joel Tenenbaum's parents would be duplicative and invasive of their independent privacy interests as non-parties.  Finally, the denial of this Motion does not handcuff Plaintiffs' ability to litigate the underlying infringement claim.  In addition to the analysis of Joel Tenenbaum's computer, he admitted engaging in music downloading during his deposition and Plaintiffs have obtained the electronic file-sharing records from KaZaa attributed to the Tenenbaums' IP address and the "sublimeguy14" user name admittedly utilized by Joel Tenenbaum.

**Conclusion**

For the foregoing reasons, Plaintiffs' Motion to Compel (Document No. 1) is DENIED and this miscellaneous action is CLOSED.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 10, 2009